WATSON, Judge,
dissenting.
I respectfully disagree with my esteemed colleagues of the majority in their decision of this case.
Initially, it is essential to analyze what the newspaper did that is claimed to have invaded plaintiffs’ right of privacy. The paper published an artistic black-and-white photograph of a view from the public street, looking through branches of a large oak tree, of plaintiffs’ house and yard, the grass being somewhat high and the house looking (rather indistinctly) as though it needed painting. The picture was captioned:
“One of Crowley’s stately houses, a bit weatherworn and unkempt, stands in the shadow of a spreading oak.”
This publication does not constitute an actionable tort for several reasons. First and foremost, the publication by a newspaper of a public scene with a fair comment is protected by the First Amendment to the United States Constitution and LSA-Const. 1974 Art. 1, § 7. See Mashburn v. Collin, 355 So.2d 879 (La., 1977).
Second, the majority errs in relying on the provisions of Article I, § 5, of the Louisiana Constitution, which protects against governmental action. Apart from the fact that the defendant newspaper is not a governmental entity, the privacy which is constitutionally protected is that enjoyed in the interior sanctity of one’s home. The exteri- or, which is visible to all who may pass on the public street, does not enjoy the constitutional protection. The photograph of plaintiffs’ home which appeared in the newspaper merely reproduced something already public and visible.
While a state or city may pass reasonable laws to protect the tranquillity and privacy of its citizens, and may, for example, prohibit door to door solicitation, no legal violation by the newspaper is involved in the instant case. See Breard v. City of Alexandria, La., 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233 (1951). On the contrary, LSA-C.C. arts. 670 and 671 impose an obligation on property owners to maintain and repair their buildings.
Clearly, the photograph of plaintiffs’ home in and of itself was not an invasion of their privacy. The real basis of their complaint is that they were presented in a false light to the public or defamed. However, there was no falsity. Plaintiffs admitted that their home was in need of certain repairs, which they intended to undertake. The photograph was not altered to reflect discredit on the property owners. No malice was involved; the photograph was one of a series of scenic views in the area published as a matter of public interest. Plaintiffs sustained no damage; they were merely annoyed. The two words used which might have an unpleasant connotation are “unkempt” and “weatherworn”. However, the truth of the description is admitted. The elements necessary for an action for defamation are missing. There is no falsity, malice or injury. See the comment at 28 La.Law Review 82.
*480 The present case differs from McAndrews v. Roy, 131 So.2d 256 (La.App. 1 Cir. 1961) both factually and legally. There the plaintiff’s physique, clad only in: (1) a pair of baggy drawers; and (2) a pair of slim fitting trunks, was portrayed in an advertisement in the newspaper. Presumably, plaintiff was not often in public view similarly clad. In the present case, the house (an object-not plaintiff’s person) was constantly in public view just as it appeared in what was described as a feature picture in the newspaper. Legally, the McAndrews ad had no constitutional protection since it exposed plaintiff’s person to view for profit. The Jaubert house was shown and commented on as news. “What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.” Katz v. United States, 389 U.S. 347, 88 S.Ct. 507 at 511, 19 L.Ed.2d 576 (1967). McAndrews provides no precedent here.
I respectfully dissent.